UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| EARNEST MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-845-TLS |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Earnest Moore, a *pro se* prisoner, filed an amended habeas corpus petition [DE 4] presenting two grounds for challenging his conviction and sentence for rape, criminal deviate conduct, and criminal confinement by the Marion Superior Court in 49G02-9704-048888. First, he argues that his "Post-Conviction Appeal was filed timely." (Ground One, Am. Pet. ¶ 12; DE 4 at 5.) Second, he argues that he received ineffective assistance of counsel because his attorney "failed to interview and subpoena witnesses, establish proper foundation of evidence of hair fiber, and failed to object to vouching testimony of expert witness." (Ground Two, Am. Pet. ¶ 12; DE 4 at 5.)

The timeliness of the appeal of Moore's post-conviction relief petition is not itself an independent basis for granting habeas relief. Many habeas corpus petitions filed in this court have been preceded by timely post-conviction relief appeals in state court, but that has never been the basis for granting habeas corpus relief. That is to say, even assuming that Moore's appeal was timely, being timely does not in and of itself result in the granting of habeas corpus. The timeliness of a state appeal is only a procedural step, not a substantive basis for habeas corpus relief. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*,

502 U.S. 62, 68 (1991). Because filing a timely appeal is not a basis for granting habeas corpus relief, no relief can be granted based on ground one of the petition.

Moore's other ground presents a substantive argument that he was denied due process as a result of the ineffective assistance of counsel. In response, the Respondent argues that Moore did not exhaust this claim because he did not present this claim to the Indiana Supreme Court.

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004) (parallel citations omitted).

Moore filed two petitions to transfer to the Indiana Supreme Court: the first as a part of his direct appeal and the second in his post-conviction relief appeal. On direct appeal, Moore asked the Indiana Supreme Court to "grant transfer to reexamine its adoption in *Winegeart* of the Federal Judicial Center instruction in light of the criticism of that instruction by other jurisdictions and a finding of its use to be reversible error by the appellate court of Hawaii." (Pet. to Transfer, *Moore v. State*, 49A02-9811-CR-908 (Ind. 1999) at 3; DE 7-7.) On his post-conviction relief appeal, Moore presented only one question in his petition to transfer: "Did District Court Incorrectly Rule That Appellant's Post-Conviction Relief Petition Was Untimely?" (Pet. to Transfer, *Moore v. State*, 49G05-9704-PC-048888 (Ind. 2006) at 3; DE 7-20.) Neither petition to transfer makes any mention of ineffective assistance of counsel.

2

Although the Court of Appeals of Indiana held that Moore's post-conviction relief appeal was untimely, and although that is an independent and adequate state procedural basis for default, that is not the basis for default in this case. Here, there is a more simple and fundamental reason that this claim is defaulted: Moore filed a petition to transfer but did not present the ineffective assistance of counsel claim to the Indiana Supreme Court. Because of this omission, it is irrelevant whether or not his notice of appeal was timely filed in his post-conviction appeal. Because Moore did not exhaust the second ground by presenting it to the Indiana Supreme Court, this Court will not consider the merits of his ineffective assistance of counsel argument unless he can demonstrate cause and prejudice or a fundamental miscarriage of justice.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Moore does not have cause for not including an ineffective assistance of counsel claim in his petition to transfer to the Indiana Supreme Court.

> [T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel or that some interference by officials made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (citations and quotation marks omitted). The factual and legal basis for this ineffective assistance of counsel claim was available to Moore because he raised this claim in his post-conviction relief petition, (*see* Marion Superior Court Denial of

3

Post-Conviction Relief 5–16; DE 7-13) and on appeal to the Court of Appeals of Indiana (*see* Moore Brief 25–32; DE 7-15). Moore does not argue that anything impeded his ability to add an ineffective assistance of counsel claim to his petition to transfer. He could have, but did not, present this claim to the Indiana Supreme Court. He does not argue that did not know that he needed to present this claim in his petition to transfer, but even if he did, ignorance is not an external cause which excuses procedural default. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003) ("[I]t is well established in this Circuit that circumstances such as youth, lack of education, and illiteracy are not external impediments within the context of excusing procedural default."). Because there is no objective, external factor that prevented Moore from presenting this claim, he does not have cause for not having done so.

Finally, the court turns to the question of whether it would be a fundamental miscarriage of justice not to address the merits of Moore's ineffective assistance of counsel claim.

> In order to show . . . that a miscarriage of justice would result if habeas relief is foreclosed, the petitioner must show that he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court.

*Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Here, Moore's ineffective assistance of counsel claim is based on three alleged errors, but he presents no possible claims of actual innocence regarding his three convictions for rape, criminal deviate conduct, and criminal confinement. He argues that counsel failed to interview and subpoena witnesses, failed to establish a proper foundation for hair fiber evidence, and failed to object to the testimony of an expert witness. Even assuming that these were errors and even assuming that these hypothetical errors had not occurred, the petitioner cannot show that the outcome of the case would have been different because the testimony of the victim in this case is sufficient to support his convictions.

4

> Well I went up the steps. When I got up the steps, this guy was sitting at the top of the steps and my first mind almost told me to go back down but I didn't. I put my key in the door and he come put that knife to my neck.
>
> . . . .
>
> Told me to get in the house, get in the bedroom, get naked, bitch.
>
> . . . .
>
> Well, the third time he raped me – four (4) times and on the third time, I just got tired and I just said, "Forget it. Just go on and kill me" and he grabbed me around my neck and struck the knife back like that and I just went limp and I said, "I just know you're just not going to really kill me" and so I asked him, "Do you believe in God" and stuff like that.

(Trial Transcript 222–24.) Additionally, the victim testified that:

> He had sex with me in my rectum.
>
> . . . .
>
> I had just came home – see, I just came home from the hospital that Thursday and he raped me that Friday and I begged him to go get my medicine and he did do that and I was going to try to jump out the window and I got the window open with a little can, but he got back in there too quick.
>
> . . . .
>
> Well, I had to go to the bathroom, he put the knife under my throat and walked me to the bathroom, make me sit down, hold the knife under you the whole time you're using the bathroom.

*Id.* at 226–28. The victim then described how she observed the suspect, called police, and had him arrested.

> The following Friday I was helping John Banks, the old guy that live in the back, carry his groceries up the steps, he live on the third floor in the back, and come out on the balcony and this guy was walking through the lot and I told John, I said, "You going to have to walk me home because that's the guy the [sic] raped me" and so he did, but then I still was scared to go in so I went into AJ's 'cause the police be in there so I got them to come and walk me up the steps to get to my apartment door and they did that and I went in, but I heard Ralph's telephone, I mean TV and stuff

5

> and I thought to myself, I'd better call somebody in my family because this guy is in this area just in case something happened. I knocked on Ralph's door to use the phone and this guy was sitting right there and I ran back down the steps to AJ's and got the police and they came up there and arrested him and then Detective Hensley came and got him.

(*Id.* at 257-58.) She then identified the defendant Earnest Moore as her assailant.

Based solely on the quoted testimony of the victim, which is not the object of any of Moore's challenges, a reasonable juror could have found him guilty of rape, criminal deviate conduct, and criminal confinement. Because of this, Moore has fallen short of the showing required by *Lewis*. 390 F.3d at 1026. Therefore, it is not a miscarriage of justice to foreclose an analysis of the merits of his claims of ineffective assistance of counsel because they were defaulted when he did not present them to the Indiana Supreme Court.

For the foregoing reasons, the habeas corpus petition is **DENIED**.

SO ORDERED on March 28, 2008.

        s/ Theresa L. Springmann
        THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT
        FORT WAYNE DIVISION